990 So.2d 1133 (2008)
Gary C. QUILLING, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-1088.
District Court of Appeal of Florida, Fifth District.
August 22, 2008.
Rehearing Denied September 25, 2008.
*1134 Gary C. Quilling, Florida City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Respondent.
MONACO, J.
The petitioner, Gary C. Quilling, seeks the issuance of a writ of mandamus in order to obtain rulings on his amended and supplemental rule 3.850 motions and on his various motions with respect to public records. Because it appears that these motions have not yet been ruled on by the trial court, we grant the petition. Some explanation, however, is required.
Mr. Quilling was charged and convicted by jury of robbery with a deadly weapon and aggravated assault with a deadly weapon. Both offenses arose out of the robbery of a restaurant. He was sentenced to a term of life imprisonment for the robbery, and a concurrent term of fifteen years imprisonment for the aggravated assault. His direct appeal was affirmed per curiam without written opinion. See Quilling v. State, 907 So.2d 1179 (Fla. 5th DCA 2005).
Mr. Quilling then filed a rule 3.800(a) motion in the trial court in which he argued that his sentence was illegal. The trial court denied the motion, and this court affirmed. See Quilling v. State, 940 So.2d 548 (Fla. 5th DCA 2006). He subsequently filed a rule 3.850 motion consisting of 379 pages of text and 306 pages of attachments and exhibits in which he set forth nine claims and numerous sub-claims. He later filed an amendment to the motion containing an additional 110 pages and seven additional exhibits and attachments in which he raised three additional claims. The trial court dismissed Mr. Quilling's motions and supplements without prejudice to his filing an amended motion not to exceed fifty pages. After the movant's motion for rehearing was denied, he filed a motion for extension of time and for extension of the page limit in order to file a supplemental rule 3.850 motion. At the same time (July 18, 2007), Mr. Quilling also filed an amended rule 3.850 motion consisting of 50 pages in which he raised ten issues. A short time later (July 27, 2007), he filed a "supplemental" motion consisting of eleven pages and raising additional issues and sub-issues. The trial court denied the motion for extension of time and for extension of length, but did not address the July 18th and July 27th amended motion and supplemental motion.
Meanwhile, Mr. Quilling filed a notice of appeal directed to the order earlier entered in which the trial court dismissed his motions and supplements and limited his refiling to a motion not exceeding fifty pages. This court dismissed the appeal without prejudice, concluding that Mr. Quilling was attempting to have us review a non-appealable non-final order. See Quilling v. State, 968 So.2d 1034 (Fla. 5th DCA 2007). To confuse matters even further, Mr. Quilling also filed a petition alleging ineffective assistance of appellate counsel, which we also denied. See Quilling v. State, Case No. 5D07-2693.
The case presently before us was commenced by Mr. Quilling's filing of a petition for mandamus seeking, among other things, a ruling on his July 18, 2007, amended 3.850 motion and on his July 27, 2007, supplemental 3.850 motion. We suspect that the reason the trial court did not rule on these motions is that in the midst of this blizzard of paperwork generated by *1135 Mr. Quilling, his mid-stream appeal of the non-final non-appealable order caused significant confusion. In any event, the State agrees that these two motions have not yet been ruled upon by the trial court, and that Mr. Quilling is entitled to a ruling on them.
Mr. Quilling also seeks to have the trial court rule on numerous motions to compel the production of public records sought by him. The State responded below by filing responses from the Hernando County Sheriff's Office indicating that it has already complied with these requests or that the documents sought are not in their possession. Apparently, however, the State Attorney has not responded to the requests made to it by Mr. Quilling. So far as we can tell, the trial court has not yet addressed the motions to compel addressed to these public records requests.
In summary, it appears to us that the trial court has not disposed of Mr. Quilling's July 18, 2007 amended rule 3.850 motion, his July 27, 2007 supplemental rule 3.850 motion, nor his September 14, 2007, October 12, 2007 and February 26, 2008 motions to compel/public records requests. The failure to act on these motions is entirely understandable in light of the confusion created by Mr. Quilling's numerous, voluminous and convoluted filings. We accordingly grant the petition and point out the need for the trial court to address these filings, but withhold the issuance of the writ of mandamus with confidence that the court will expeditiously dispose of these pending items.
PETITION GRANTED.
PLEUS and TORPY, JJ., concur.